PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* PEDRO TIRADO, Defendant and Appellant.

No. 3612.  Argued February 1, 1929.—Decided February 13, 1929.

*B. Esteves and J. García Ducos* for the appellant.  *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The defendant was charged with carrying a pistol in Aguada on February 16, 1927, a weapon with which bodily injury may be inflicted.

The judgment reads in part as follows:

"After being arraigned the defendant, by his counsel, pleaded guilty to a violation of section 1 of the Act to Prohibit the Carrying of Arms of June 25, 1924, stating in the record for the proper legal effects, 'the fact that on February 16, 1927, the day referred to in this information, defendant Pedro Tirado killed with the pistol mentioned in the information the human being known as Claudio Rodríguez; that by reason of that fact Pedro Tirado was charged in this court by the district attorney who preceded Francisco F. Flores with murder in the first degree; that he was tried before a jury and acquitted, and therefore this court set him at liberty; that the facts which brought about the charge of murder in the first degree occurred in the railway station of the town of Aguada, where Claudio Rodríguez had his office as station master and had also his home.'

"In view of the plea of guilty made by defendant Pedro Tirado

of violation of section 1 of the Act to Prohibit the Carrying of Arms of June 25, 1924, the Court, in accordance with the law, convicts him of that crime and considering the fact that the weapon was carried by the defendant when he killed with it the human being Claudio Rodriguez in the railway station of the American Railroad Company of Porto Rico at Aguada, where the deceased had his office and home, the Court sentences defendant Pedro Tirado to six months in jail and imposes upon him the costs of this prosecution.''

The defendant appealed and assigned as errors that the court acted with passion, prejudice and partiality in imposing upon him the maximum penalty, and that the judgment is contrary to the doctrine laid down in *People* v. *Liceaga,* 36 P.R.R. 403.

We do not agree. The case of *People* v. *Liceaga* was based on *People* v. *Laureano,* 34 P.R.R. 203, wherein the following rule was established: ''When an information charges a simple offense unaccompanied by any allegation tending to show that it was aggravated the imposition of the maximum penalty is not justified if the defendant pleads guilty and no evidence is examined.'' It was said therein:

''That rule is not opposed to the principle of the discretion allowed the judges in the imposition of penalties within the limits set by the law. Such discretion exists, but it is not arbitrary. The legislators set a minimum and a maximum because they knew that the same criminal act may be committed under circumstances that might mitigate or aggravate the liability of its author. In the absence of such circumstances sane wisdom leads us to hold that a middle course would be just and proper.''

We know the judgment in the present case. The trial judge stated therein the circumstances which led him to impose the maximum penalty, and after examining those circumstances we do not find any ground for a conclusion that the judge acted under the influence of passion, prejudice or partiality or that manifest error was committed.

The judgment appealed from must be affirmed.

Justices Wolf and Aldrey concur in the judgment.

The right of the judge to fix the penalty in a case does not depend upon his giving his reasons for doing so. In other words it is my opinion that the court may impose an extreme penalty without justifying its action. This becomes clearer by a reference to my dissenting opinion in *People v. Liceaga*, 36 P.R.R. 403. Mr. Justice Aldrey agrees with this opinion.